UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YESSUH SUHYES HUSSEY,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                       23-CV-1785 (PKC) (LB)

      -against-

CHIEF DEPUTY & CORRECTION OFFICER
SPIOTTA #17495; THE WARDEN OF ANNA
M. KROSS CENTER JANE DOE/JOHN DOE;
And USPS,

                Defendants.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Yessuh Suhyes Hussey, a serial filer, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

        A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held

---

[1] At the time of filing, Plaintiff was being held at the Anna M. Kross Center ("AMKC") on Rikers Island but was released from custody on March 2, 2023. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited April 4, 2023). Plaintiff has filed sixty (60) cases in recent months, including forty-three (43) cases on the same day.

"to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

In the instant complaint, dated January 13, 2023, Plaintiff states that in the first of the 60 complaints he filed, s*ee Hussey v. Dept. of Corr.*, No. 22-CV-6566 (PKC) (LB), he sent out amended complaints on December 4, 2022, but "a delivery status still does not appear." (Complaint, Dkt. 1, at 4.) Plaintiff seeks money damages. (*Id*. at 5.)

By way of background, the Court notes that Plaintiff filed his first action on October 24, 2022. By Memorandum and Order dated November 9, 2022, the Complaint was dismissed, and Plaintiff was granted 30 days leave to amend. On January 10, 2023, the Court *sua sponte* extended Plaintiff's deadline to file an Amended Complaint to February 2, 2023. On January 27, 2023, the Court received 17 amended complaints from Plaintiff, each including an attestation that Plaintiff had delivered his amended complaints to prison authorities at AMKC on December 8, 2022, and the envelope containing the amended complaints was date stamped by the United States Postal Service in East Elmhurst, New York on January 14, 2023. Based on these factors, it appears that the Court received the documents at issue, and this complaint is moot.

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## FILING INJUNCTION WARNING

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). As previously noted, Plaintiff has filed sixty (60) complaints in recent months, including forty-three (43) complaints on the same day.

Plaintiff is therefore warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal

3

opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff and to note mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: April 17, 2023
      Brooklyn, New York